UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **TAMMY STEWART DIXON** | * | **CIVIL ACTION NO.  10-1490** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **PRIMARY HEALTH SERVICES CENTER, A CORPORATION, ET AL.** | * | **MAG. JUDGE KAREN L. HAYES** |

### REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to dismiss for failure to state a claim upon which relief can be granted [doc. # 7] filed by defendants, Primary Health Services Center Board of Directors and Catherine M. Tonore.  For reasons explained below, it is recommended that the motion be **GRANTED**, and that movants' invitation to award attorney's fees be **DENIED**.

### BACKGROUND

On September 24, 2010, Tammy Stewart Dixon filed the instant complaint under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*., against defendants, Primary Health Services Center ("PHSC"); Primary Health Services Center, Board of Directors ("PHSC Board of Directors"); Catherine M. Tonore, individually, and in her capacity as director ("Tonore"); and PHSC's unknown insurer, XYZ Insurance Company.[1]  Stewart-Dixon alleges that while employed by defendants, they discriminated against her on the basis of race, and then retaliated against her when they learned that she had filed a complaint with the Equal

---

[1]  Stewart-Dixon also invokes the court's supplemental jurisdiction, 28 U.S.C. § 1367, to entertain, as yet, unspecified state law claims.  *See* Compl., ¶ II.

Employment Opportunity Commission ("EEOC"). Defendant, PHSC, answered the complaint on January 26, 2011. (Answer [doc. # 10]). That same day, defendants, PHSC Board of Directors and Tonore filed the instant motion to dismiss for failure to state a claim upon which relief can be granted on the grounds that only an employer is subject to liability under Title VII. Fed.R.Civ.P. 12(b)(6). On February 16, 2011, plaintiff filed a memorandum in opposition to the motion to dismiss. On February 25, 2011, defendants filed a reply memorandum in support of their motion to dismiss. The matter is now before the court.

## DISCUSSION

### I.     12(b)(6) Standard

The Federal Rules of Civil Procedure sanction dismissal where the plaintiff fails "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). A pleading states a claim for relief when, *inter alia*, it contains a "short and plain statement . . . showing that the pleader is entitled to relief . . ." Fed.R.Civ.P. 8(a)(2). In the context of employment discrimination claims, "the ordinary rules for assessing the sufficiency of a complaint apply," and a plaintiff need not establish a prima facie case of employment discrimination in her complaint. *Swierkiewicz v. Sorema*, 534 U.S. 506, 511, 122 S.Ct. 992, 997 (2002).

To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007)). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. *Plausibility* does not equate to *possibility* or *probability*; it lies somewhere in between. *See Iqbal, supra*. Plausibility simply calls for enough factual allegations to raise a reasonable

expectation that discovery will reveal evidence to support the elements of the claim. *See Twombly*, 550 U.S. at 556, 127 S.Ct. at 1965. Although the court must accept as true all factual allegations set forth in the complaint, the same presumption does not extend to legal conclusions. *Iqbal, supra*. A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id*. Moreover, courts are compelled to dismiss claims grounded upon invalid legal theories even though they might otherwise be well-pleaded. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827 (1989).

When considering a motion to dismiss, courts generally are limited to the complaint and its proper attachments. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citation omitted). Nonetheless, courts may rely upon "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Id*.

## II. Title VII "Employer(s)"

Generally, only employers may be liable under Title VII. *Turner v. Baylor Richardson Medical Center*, 476 F.3d 337, 343 (5th Cir. 2007) (citations omitted). To qualify as an employer under Title VII, two conditions must be met: 1) the defendant must fall within the statutory definition; and 2) there must be an employment relationship between the plaintiff and the defendant. *Deal v. State Farm County Mut. Ins. Co. of Texas*, 5 F.3d 117, 118 n2 (5th Cir. 1993) (citation omitted). Here, the court need proceed no further than the first step. *Muhammad v. Dallas County Community Supervision and Corrections Dept.*, 479 F.3d 377, 380 (5th Cir. 2007) (*if* the defendant meets the first step, *then* the court reaches the second step).

Title VII defines an "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees . . ., *and any agent of such a person . . .*" *Muhammad, supra*

(citing 42 U.S.C. § 2000e(b)) (emphasis added).[2] "[A]ny agent," is interpreted liberally,[3] but not literally; rather, the phrase conveys Congress's intent to "import *respondeat superior* liability into Title VII." *Smith v. Amedisys, Inc.*, 298 F.3d 434, 449 (5th Cir. 2002) (citations omitted). Although, under certain circumstances,[4] an immediate supervisor may be considered an "agent" and therefore an "employer" under Title VII, the supervisor faces liability solely in her official, not individual, capacity. *Harvey, supra; Grant v. Lone Star Co.*, 21 F.3d 649, 652-53 (5th Cir. 1994). Thus, a Title VII suit against a supervisor, who is not an "employer" in her own right – is actually a suit against the employing corporation. *Indest v. Freeman Decorating, Inc.*, 164, F.3d 258, 262 (5th Cir. 1999). A plaintiff, however, may not maintain a Title VII action against *both* her employer and the employer's agent because the employing corporation could face double liability for the same act. *Id*. (citation omitted); *Smith, supra*. In other words, joinder of *both* the employer and its agent is redundant.

In the case *sub judice*, plaintiff has joined PHSC; PHSC's Executive Director, Catherine Tonore; *and* the PHSC Board of Directors. Although plaintiff alleges that she was "employed" by "defendants,"[5] she has not set forth facts to demonstrate that defendants, Tonore and PHSC Board of Directors, satisfied Title VII's statutory definition of "employer." 42 U.S.C. §

---

[2] A "person," in turn, "includes one or more individuals, governments, governmental agencies, political subdivisions, labor unions, partnerships, associations, corporations, legal representatives, mutual companies, joint-stock companies, trusts, unincorporated organizations, trustees, trustees in cases under Title 11, or receivers." 42 U.S.C. § 2000e(a).

[3] *Harvey v. Blake*, 913 F.2d 226, 227 (5th Cir. 1990) (citations omitted)

[4] E.g., when the supervisor has been delegated the "employer's traditional rights such as hiring and firing." *Harvey, supra*.

[5] Compl., ¶ 5.

4

2000e(b).[6]  For instance, plaintiff did not allege that Tonore or the PHSC Board of Directors each employed 15 or more employees.  *Id*.  Also, there is no indication that the PHSC Board of Directors is a "person" for purposes of Title VII liability.  *See* 42 U.S.C. § 2000e(a).  Finally, while Tonore may be an "agent" of PHSC, she faces liability under Title VII solely in her official capacity.  Having named PHSC as a defendant, the joinder of Tonore is impermissibly redundant.  *Indest, supra*.

### III.    Attorney's Fees

In their reply brief, movants broaden the scope of their motion by inviting the court to consider an award of attorneys' fees pursuant to 42 U.S.C. § 2000e-5(k).  That section provides that

> [i]n any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee (including expert fees) as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person.

42 U.S.C.A. § 2000e-5(k).

However, "attorney's fees for prevailing defendants are presumptively unavailable unless a showing is made that the underlying civil rights suit was vexatious, frivolous, or otherwise without merit." *Dean v. Riser*, 240 F.3d 505, 508 (5th Cir. 2001) (citing *Christiansburg Garment Co. v. Equal Employment Opportunity Commission,* 434 U.S. 412, 422, 98 S.Ct. 694, 701 (1978).  The action must be meritless in the sense that it is groundless or without foundation. *Hughes v. Rowe*, 449 U.S. 5, 14, 101 S.Ct. 173, 178 (1980).  The fact that a plaintiff may ultimately lose is not in itself sufficient justification for the assessment of fees.  *Id*.

---

[6] While plaintiff also failed to allege facts to demonstrate that PHSC met the statutory definition of employer, PHSC did not join in this motion, and has conceded, at least for present purposes, that it was plaintiff's Title VII employer.

5

At this stage, the court is not persuaded that plaintiff's complaint meets the foregoing criteria. While the court shares defendants' frustration regarding the frequent need to address this issue in Title VII cases, there is no indication that plaintiff's counsel has perpetuated this practice in other matters before the court. Moreover, it is conceivable, albeit not plausible, *see Twombly, supra*, that circumstances could change, thus permitting plaintiff to provide the missing factual ingredients (or circumstances) to establish moving defendants' "employer" status under Title VII.[7]

### Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that the motion to dismiss for failure to state a claim upon which relief can be granted [doc. # 7] filed by defendants, Primary Health Services Center Board of Directors and Catherine M. Tonore be **GRANTED,** and that plaintiff's claims against said defendants be **DISMISSED, WITHOUT PREJUDICE**. Fed.R.Civ.P. 12(b)(6).

**IT IS FURTHER RECOMMENDED** that defendants' invitation to assess attorneys' fees be **DENIED**.

THUS DONE AND SIGNED in chambers, at Monroe, Louisiana, this 3rd day of March 2011.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

---

[7] If so, plaintiff may petition the court to revisit the matter.